UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PATRICIA SANTEE, | ) | CASE NO. 1:11 CV 2114 |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| v. | ) | MEMORANDUM OF OPINION AND ORDER |
| MANSFIELD MEDICAL CENTER, et al., | ) | |
| Defendants. | ) | |

Pro se plaintiff Patricia Santee filed the above-captioned in forma pauperis action against her former employer Mansfield Medical Center (MMC), MMC Director Rick Hoback, and MMC Administrator James Meyers. Ms. Santee claims her "civil right to know" was violated when the defendants allegedly refused to permit her to view her retirement package.

*Background*

Ms. Santee was employed by MMC from 1978 until 1989. In 2009, she began receiving Social Security Insurance (S.S.I.) She claims the Social Security Administration advised her to "check into [her] ... retirement." (Compl. at 1.) Ms. Santee then contacted MMC and spoke with Mr. Hoback who "would not open it," but instead provided Ms. Santee a copy of MMC's policy handbook. She explained that she understood the retirement plan, but just wanted to know how much retirement income she was entitled to and review a copy of her specific package. She feels the defendants deliberately interfered with her right to review her retirement earnings. Finally, she asserts they discriminated against her, but for reasons she does not know.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it fails to state a claim.[1] An action is subject to dismissal if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990).

*Lack of Jurisdiction*

Before addressing the merits of a case, a court is first obligated to ensure it enjoys subject matter jurisdiction. See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp., 549 U.S. 422, 430-431 (2007). Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).

Ms. Santee does not state any basis for this Court's subject matter jurisdiction. She characterizes her claim as a violation of her "civil right to know." To prevail in any civil rights action, however, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). The Civil Rights statute alone creates no substantive rights. Instead, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976); Baker,

---

[1] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

443 U.S. at 146-47.  Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' " of the United States.  Baker, 443 U.S. at 140.

There is no constitutional "right to know."  Legal conclusions alone are not sufficient to present a valid claim, and this Court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).  Ms. Santee's claim of discrimination omits any basis upon which the defendants allegedly refused to allow her to view her retirement package.

By her own admission, the defendants' alleged discrimination against her was "for some reason" she cannot discern.  Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the Complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief.  See FED. CIV. R. P. 8(a).  Pro se plaintiffs are not subject to "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct. 1955, 1974 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Where pro se plaintiffs do not set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  Id.  For the reasons set forth above, Ms. Santee has failed to cross that line.

Ms. Santee fails to assert any constitutional basis for liability in this case.  Moreover, there is no allegation the defendants were acting under color of state law or any alleged facts supporting a violation of a constitutional amendment.  These omissions are fatal to Ms. Santee's civil rights claim.

*Conclusion*

Accordingly, the Motion to Proceed In Forma Pauperis is granted. This action is dismissed under section 1915(e), but without prejudice as to any state law claims Ms. Santee may choose to pursue. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/Dan Aaron Polster   11/29/11
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.